UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN, <br><br> Plaintiff, <br><br> v. <br><br> J. MORLEY, et al., <br><br> Defendants. | Case No. 1:19-cv-01076-SKO (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO PARTIALLY DISMISS COMPLAINT** <br><br> (Doc. 23) <br><br> 21-DAY DEADLINE <br><br> Clerk of the Court to Assign a District Judge |

Before the Court is Defendants' motion to partially dismiss Plaintiff's complaint on the grounds that it fails to state a cognizable claim against Defendant Hammonds or Whitson. (Doc. 23.) For the reasons set forth below, the Court recommends that Defendants' motion be granted.

I. **BACKGROUND**

Plaintiff raises two causes of action in his complaint: excessive force and/or failure to intervene against Defendants Banuelos, Hammonds, Morley, Villalobos, and Whitson, and deliberate indifference to serious medical needs against Defendants Brown and Stewart. (Doc. 1 at 12-16.) The Court screened the complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable Eighth Amendment claims pursuant to 42 U.S.C. § 1983. (Doc. 10 at 1.) Defendants now move to dismiss claim one with respect to Defendants Hammonds and Whitson. (Doc. 23.)

///

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

## III. DISCUSSION

Defendants move to dismiss the complaint as to Defendants Hammonds and Whitson. (Doc. 23 at 1-2.) Defendants argue that the complaint fails to state cognizable excessive force or failure to intercede claims against these defendants. (*Id.* at 13-16.) The Court agrees.

### A. Excessive Force under the Eighth Amendment

The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is

simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

In his complaint, Plaintiff alleges that, on August 1, 2017, Correctional Officers Morley and Villalobos approached his cell and ordered him to step out. (Doc. 1 at 8.) Correctional Officer Hammonds, who was up in the "[t]ower," opened his cell door. (*Id.*) As Plaintiff was exiting, Morley and Villalobos "began [b]rutally [s]triking" him with their batons until he fell unconscious. (*Id.*) At some point after Plaintiff regained consciousness, Officer Hammonds sounded an alarm. (*Id.* at 13.) Correctional Officers Banuelos and Brown responded, and along with Morley and Villalobos, again beat Plaintiff with their batons, fists, and boots. (*Id.* at 9.) The officers then escorted Plaintiff to a "[c]linic." (*Id.*) While being escorted to a holding cage, Morley and Villalobos began beating him again until he again lost consciousness. (*Id.* at 10.)

Based on the above allegations, Plaintiff states cognizable claims of excessive force against Defendants Morley, Villalobos, Banuelos, and Brown. Regardless of the need for force, the amount of force appears unreasonable and intended to cause harm, not restore order.

Plaintiff does not, however, allege sufficient facts to show that Defendant Hammonds or Whitson participated in or caused the use of excessive force. Plaintiff alleges *no* facts with respect

1  to Whitson, and the only facts he alleges regarding Hammonds are that the officer opened his cell
2  door and sounded an alarm. Plaintiff does not allege that Whitson or Hammonds participated in
3  the other officers' use of force, and he does not allege that, by opening his cell door and sounding
4  an alarm, Hammonds caused Plaintiff to be harmed "for the very purpose of causing harm."
5  *Hoard*, 904 F.3d at 788. Because the allegations in Plaintiff's complaint fail to show that Whitson
6  or Hammonds used or caused the use of excessive force, the Court finds that the complaint fails
7  to state a cognizable excessive force claim against these defendants.

### B. Failure to Intercede

9  "[O]fficers have a duty to intercede when their fellow officers violate the constitutional
10 rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir.
11 1994), *rev'd in part on other grounds*, 518 U.S. 81 (1996) (citations omitted). "In these cases, the
12 constitutional right violated by the passive defendant is analytically the same as the right violated
13 by the person who strikes the blows." *Id.* "Importantly, … officers can be held liable for failing to
14 intercede only if they had an opportunity to intercede." *Cunningham v. Gates*, 229 F.3d 1271,
15 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (citation omitted).

16 As stated above, the complaint does not supply *any* facts regarding Defendant Whitson.
17 Thus, the complaint clearly fails to state a cognizable failure-to-intercede claim against him. With
18 respect to Defendant Hammonds, the complaint states that the officer, while in a "tower," opened
19 a cell door and sounded an alarm. (Doc. 1 at 8, 13.) These allegations fail to show that
20 Hammonds, by carrying out these actions, "maliciously and sadistically failed to intervene to
21 cause harm," *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-JLT, 2020 WL 264422, at *17 (E.D.
22 Cal. 2020) (internal quotation marks and citation omitted). The allegations also fail to show that
23 Hammonds "had the opportunity to intercede" when the other officers began to use the alleged
24 excessive force, *Cunningham*, 229 F.3d at 1289, particular if he was still up in the tower.

25 Though the Court construes pleadings of *pro se* prisoners liberally, *Hebbe*, 627 F.3d at
26 342 (citation omitted), the Court "may not supply essential elements of the claim that were not
27 initially pled," *Bruns*, 122 F.3d at 1257. Thus, the "sheer possibility" that Officers Hammonds
28 and Whitson "acted unlawfully" is not sufficient to state a cognizable claim against them. *Iqbal*,

4

556 U.S. at 678 (citation omitted). Because the complaint provides inadequate facts to show that Hammonds and Whitson acted or failed to act to cause Plaintiff harm, or that they had the ability to intercede when other defendants were causing him harm, the Court finds that the complaint fails to state cognizable failure-to-intercede claims against Hammonds and Whitson.

### C. Leave to Amend

The Court finds that Plaintiff may be able to cure the deficiencies in his pleading described above.[1] Therefore, the Court will recommend that Plaintiff be granted leave to amend the complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citation omitted).

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Defendants' motion to partially dismiss the complaint (Doc. 23) be GRANTED; and,
2. The complaint be DISMISSED, with leave to amend, with respect to Defendants Hammonds and Whitson.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

---

[1] In his opposition to Defendants' motion to dismiss, Plaintiff does not address the defendants' argument that his complaint is deficient with respect to Hammonds and Whitson. Instead, Plaintiff supplies additional facts that were not initially pled in the complaint. (*Compare* Doc. 1 *with* Doc. 29.) However, as Defendants correctly point out (Doc. 32 at 2-3), "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal quotation marks and citations omitted). Thus, the new allegations in Plaintiff's opposition are irrelevant to the Court's determination of whether to dismiss the complaint. *Id.* However, the new allegations were considered in finding that the complaint may be cured by amendment.

*Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 27, 2021**                          /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE