UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>        Plaintiff,<br><br>    v.<br><br>J. MORLEY, et al.,<br><br>        Defendants. | Case No. 1:19-cv-01076-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. 51)<br><br>21-DAY DEADLINE |

Plaintiff Delphin, a state prisoner proceeding *pro se*, has filed a document titled, "Request for Court Order Transfer." (Doc. 51.) The Court construes the filing as a motion for a preliminary injunction. For the reasons set forth below, the Court recommends that the motion be denied.

**I.    BACKGROUND**

In his complaint, Plaintiff alleges Defendants Banuelos, Brown, Morley, and Villalobos subjected him to excessive force and/or failed to intervene to halt the use of excessive force, and he alleges Defendants Brown and Stewart were deliberately indifferent to his serious medical needs. (Doc. 1 at 12, 16.) The alleged constitutional violations occurred at California Correctional Institution. (*See id.* at 7.)

In his present motion, Plaintiff alleges Correctional Officers "Banwalas, Wales, . . . [and] Magagoda" have subjected him to physical and verbal harassment. (Doc. 51 at 2.) Plaintiff requests that the court issue an order that he be transferred to a different prison. (*See id.* at 1.)

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,' . . . and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

Here, the Court does not have personal jurisdiction over the entities or individuals against whom Plaintiff seeks a preliminary injunction, i.e., the California Department of Corrections and Rehabilitation (CDCR), the secretary of CDCR, the prison at which he is incarcerated, and/or the warden of the prison. The Court only has personal jurisdiction over the parties to this action, i.e., Plaintiff and the defendants that Plaintiff names in his complaint.

In addition, the claims in Plaintiff's motion are unrelated to the claims at issue in this case. As stated above, Plaintiff's operative claims in his complaint are for excessive force, failure to intercede, and/or deliberate indifference against Defendants Banuelos, Brown, Morley, Stewart, and Villalobos. (Docs. 1, 46.) Plaintiff's claims in his motion, on the other hand, are for physical and verbal harassment by Correctional Officers Banwalas, Wales, and Magagoda. (Doc. 51 at 2.) "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "Because the Court only has jurisdiction over the operative claims in the [c]omplaint," which do not include the claims in Plaintiff's motion for a preliminary injunction, the Court lacks the authority to provide the injunctive relief that Plaintiff

seeks. *Smith v. Rios*, No. 1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citations omitted).

### III. RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction (Doc. 51) be DENIED. These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 1, 2021__          /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE