1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMY DELPHIN,                          Case No.  1:19-cv-01076-JLT-SKO (PC)

12                    Plaintiff,               **ORDER SCHEDULING SETTLEMENT
                                               CONFEFENCE FOR MAY 16, 2022, AT**
13           v.                                **1:00 P.M.**

14    J. MORLEY, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  The Court determines that this case will benefit from a

19    settlement conference.  Therefore, this case is referred to Magistrate Judge Erica P. Grosjean to

20    conduct a settlement conference, which is scheduled to occur on **May 16, 2022, at 1:00 p.m.**

21          Accordingly, it is hereby **ORDERED** that:

22          1.  A settlement conference is scheduled to occur on **May 16, 2022, at 1:00 p.m.**, before

23              Magistrate Judge Erica P. Grosjean.  The conference shall be conducted via Zoom

24              videoconference and shall last up to three hours.

25          2.  A representative with full and unlimited authority to negotiate and enter into a binding

26              settlement agreement shall attend.[1]

27    _____
              [1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the
28    authority to order parties, including the federal government, to participate in mandatory settlement conferences…."
      United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in the case.  The failure of any counsel, party, or authorized person subject to this order to appear may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4. Defendants shall provide a confidential settlement statement no later than **May 9, 2022**, to the following email address: epgorders@caed.uscourts.gov.  Plaintiff shall mail his confidential settlement statement, clearly captioned "Confidential Settlement Conference Statement," Attn: Magistrate Judge Erica P. Grosjean, United States District Court, 2500 Tulare Street, Room 1501, Fresno, CA 93721 so that it arrives no later than **May 9, 2022**.  Parties shall also file a Notice of Submission of Confidential Settlement Conference Statement (see Local Rule 270(d)).

5. Settlement statements **should not be filed** with the Clerk of Court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. An estimate of the cost and time to be expended for further discovery, pretrial, and

---

Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s].").  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

trial.

    d.   The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e.   A brief statement of the party's expectations and goals for the settlement conference, including how much the party is willing to accept and/or willing to pay.

    f.   If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, a brief description of each action or claim as set forth above, including case number(s) if applicable.

7.   The Clerk of Court is directed to serve a copy of this order on the Litigation Office at **Kern Valley State Prison.**

IT IS SO ORDERED.

Dated:  **March 25, 2022**                    /s/ *Sheila K. Oberto*

                                                   UNITED STATES MAGISTRATE JUDGE

Cc:  Michelle Rooney, CRD

3