UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>          Plaintiff,<br><br>    v.<br><br>J. MORLEY, et al.,<br><br>          Defendants. | Case No. 1:19-cv-01076-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. 89) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On January 10, 2023, Plaintiff filed a document titled "Request Court to Appoint A Lawyer." (Doc. 89.)

**I.  DISCUSSION**

Plaintiff's request states as follows:

> I Jeremy Delphin am the plaintiff in above case and Plaintiff respectfully ask court to appoint a law[y]er. Because there is complex issues that Plaintiff is not able to understand and handle on Plaintiff own.

(Doc. 89 at 1.) The request is signed under penalty of perjury and dated January 4, 2023. (*Id.*)

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

1 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. §
2 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in
3 "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant
4 to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

5 Given that the Court has no reasonable method of securing and compensating counsel, the
6 Court will seek volunteer counsel only in extraordinary cases. In determining whether
7 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
8 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
9 complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &
10 citations omitted).

11 In the present case, the Court does not find the required exceptional circumstances. Even
12 assuming Plaintiff is not well versed in the law and has made serious allegations that, if proven,
13 would entitle him to relief, Plaintiff's case is not exceptional. The Court is faced with similar
14 cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se*
15 status and his incarceration, the test is not whether Plaintiff would benefit from the appointment
16 of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether
17 exceptional circumstances exist; here, they do not. Indeed, circumstances common to most
18 prisoners, such as lack of legal education and limited law library access, do not establish
19 exceptional circumstances that would warrant a request for voluntary assistance of counsel. *See,*
20 *e.g.*, *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that
21 "[c]ircumstances common to most prisoners, such as lack of legal education and limited law
22 library access, do not establish exceptional circumstances supporting appointment of counsel"
23 and noting that the "impacts of the COVID-19 health crisis on prison operations are also common
24 to all prisoners"). In this case, Plaintiff's complaint asserts Eighth Amendment claims of
25 excessive force and deliberate indifference to serious medical needs. It is simply not one
26 involving exceptional circumstances.

27 At this stage in the proceedings, the Court cannot determine whether Plaintiff is likely to
28 succeed on the merits as discovery between the parties is ongoing. Based on a review of the

record in this case, however, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff has been litigating his case since May 2019. He has filed oppositions to motions filed by Defendants and objected to this Court's findings and recommendations, has filed motions of his own, and has participated in settlement proceedings.

The fact an attorney may be better able to perform research, investigate, and prepare for and represent Plaintiff at trial, again, does not change the analysis. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn*, 789 F.2d at 1331. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**II.     CONCLUSION AND ORDER**

For the reasons stated above, Plaintiff's motion for the appointment of counsel (Doc. 89) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 11, 2023**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

3