UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>           Plaintiff,<br><br>      v.<br><br>J. MORLEY, et al.,<br><br>           Defendants. | Case No.  1:19-cv-01076-JLT-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST THE COURT PAY HIS COPY FEES ASSOCIATED WITH DISCOVERY**<br><br>(Doc. 92) |

Plaintiff Jeremy Delphin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.      PLAINTIFF'S REQUEST**

On January 12, 2023, Plaintiff filed a document titled "Poor Person's Order." (Doc. 92.) Plaintiff asks the Court "to pay copying costs under a 'Poor Person's Order,'" noting he uses his inmate trust funds "to buy canteen" to offset the small portions served, leaving him "with no money." (*Id*.) Plaintiff also states the remaining restitution causes him to have less money. (*Id*.) Plaintiff states he is "financially unable to pay for the Discovery," as the request involves "a lot of pages." (*Id*.)

**II.     DISCUSSION**

The Court initially notes that Plaintiff was advised on May 7, 2019, that the Clerk's Office does not provide copies of documents to parties and that "In Forma Pauperis status does not

include the cost of copies." (Doc. 3 [letter dated 5/7/19].) Additionally, in the First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued August 6, 2019, Plaintiff was advised that the "Court will not make copies of file documents or provide postage or envelopes for free even for parties proceeding in forma pauperis." (Doc. 6 at 3.)

The Court is not familiar with Plaintiff's phrase "Poor Person's Order." Plaintiff has not cited any rule, statute or case that entitles an indigent litigant to obtain copies without paying the associated costs, and the Court is unaware of any such authority. While 28 U.S.C. § 1915 gives the court authority to allow an indigent plaintiff to pay the filing fee over time from his inmate trust account, it does not give courts the authority to order the payment of a plaintiff's associated court costs, either by the Court or over time by the plaintiff.

The Ninth Circuit has held that district courts lack the authority to pay witness fees and mileage costs necessary to enable a civil rights plaintiff's medical witnesses to testify. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress")). It has also held that "a plaintiff proceeding in forma pauperis is not protected from the taxation of costs to which a prevailing defendant is entitled." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (per curiam). A court in this district has held that a plaintiff's "in forma pauperis status does not entitle him to a waiver of any of the costs associated with [a deposition]; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript." *Shepherd v. Neuschmid*, No. 2:19-cv-00084 JAM DB P, 2021 WL 117915, at *7 (E.D. Cal. Mar. 29, 2021). The Third Circuit has held that "[a]s a general rule, indigent litigants bear their own litigation expenses" *Tabron v. Grace*, 6 F.3d 147, 159-60 (3d Cir. 1993).

There is no "Poor Person's Order" for discovery under the federal statutes or rules. In sum, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, and the *in forma pauperis* statute does not authorize the expenditure of public funds for the purpose sought by Plaintiff in the instant request.

//

### III.     CONCLUSION AND ORDER

For the reasons stated above, Plaintiff's "Poor Person's Order" (Doc. 92) is DENIED.

IT IS SO ORDERED.

Dated:  **January 18, 2023**                          /s/ *Sheila K. Oberto*                
                                                                       UNITED STATES MAGISTRATE JUDGE