UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>             Plaintiff,<br><br>     v.<br><br>J. MORLEY, et al.,<br><br>             Defendants. | Case No.  1:19-cv-01076-JLT-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S EX PARTE APPLICATION FOR DISCOVERY**<br><br>(Doc. 94) |

Plaintiff Jeremy Delphin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On January 12, 2023, Plaintiff filed a document titled "Poor Person's Order." (Doc. 92.)

On January 13, 2023, this Court issued its Order Granting Defendants' Third Ex Parte Application to Modify the Discovery and Scheduling Order. (Doc. 91.) The Order modified various discovery related deadlines for: (1) filing motions challenging the exhaustion of administrative remedies to March 13, 2023; (2) amending pleadings to April 10, 2023; (3) the completion of all discovery, including filing motions to compel to May 15, 2023; and (4) filing pre-trial dispositive motions to May 29, 2023. (*Id.* at 3.)

On January 18, 2023, the Court issued its Order Denying Plaintiff's Request the Court Pay his Copy Fees Associated with Discovery. (Doc. 93.)

On January 27, 2023, Plaintiff filed a document titled "Plaintiff's Ex-Parte Application For discovery." (Doc. 94.) Plaintiff's application states as follows: "Plaintiff respectfully request for an Ex Parte for the Discovery. Because Plaintiff request a Poor Person order. Due to Plaintiff is financially unable to pay for copies. So Plaintiff needs time for court to decide whether the poor Person order will be [granted]." (*Id*.)

## II.     DISCUSSION

Plaintiff's application is dated January 22, 2023. It is likely Plaintiff had not yet received the Court's January 18, 2023, Order denying his "Poor Person's Order" when he dated the instant application and mailed it to the Court. As explained in the January 18, 2023 Order, Plaintiff is not entitled to payment of his costs and his request has been denied. Doc. 93 at 1-2.) Therefore, Plaintiff's instant application is moot.

Plaintiff must pay any costs associated with discovery. Plaintiff's *in forma pauperis* status does not entitle him to the costs associated with discovery-related costs. Plaintiff is cautioned he must adhere to the discovery deadlines outlined in this Court's January 13, 2023 Order. As Local Rule 183 states in part: "All obligations placed on 'counsel' by these Rules apply to individuals appear in propria persona." Plaintiff is further cautioned that failure to meet discovery obligations may result in a recommendation for dismissal of this action. *See e.g*., *Singanonh v. Fine*, No. 2:18-cv-1824 KJM AC P, 2021 WL 5585885, *2 (Nov. 30, 2021) (recommending dismissal for refusal to participate in the discovery process); *Lucero v. Pennella*, No. 1:18-cv-01448-NONE-SAB, 2021 WL 24708, *1 (Jan. 4, 2021) (dismissing action with prejudice for plaintiff's failure to comply with discovery obligations); *Ell Shehee v. Perez*, No. 1:16-cv-01346-AWI-BAM, 2020 WL 4586278, *2 (Aug. 10, 2020) (recommending dismissal for plaintiff's failure to comply with discovery orders).

//
//
//
//
//

### III. CONCLUSION AND ORDER

Accordingly, for the reasons stated above, "Plaintiff's Ex-Parte Application for [D]iscovery" (Doc. 94) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  **February 1, 2023**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE

3