1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMY DELPHIN,                        Case No.  1:19-cv-01076-SKO (PC)

12                   Plaintiff,              **SECOND INFORMATIONAL ORDER –
                                             NOTICE AND WARNING OF
13         v.                                REQUIREMENTS FOR OPPOSING
                                             DEFENDANTS' SUMMARY JUDGMENT
14    J. MORLEY, et al.,                      MOTION**

15                   Defendants.             (Doc. 96)

16                                           **21-DAY DEADLINE**

17

18         Plaintiff Jeremy Delphin is a state prisoner proceeding *pro se* and *in forma pauperis* in

19   this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's

20   original complaint for claims of excessive force and/or failure to intercede against Defendants

21   Morley, Villalobos, Banuelos and Brown, and for claims of deliberate indifference to serious

22   medical needs against Defendants Brown and Stewart. (*See* Doc. 46.) All parties have recently

23   consented to the jurisdiction of the magistrate judge. (Doc. 102.)

24         **I.      *RAND* NOTICE**

25         Defendants filed a motion for summary judgment on March 13, 2023.  (Doc. 96.)  Upon

26   review of the motion, while Defendants appear to include a *Rand*[1] warning, the Court finds the

27   _____

28   [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

warning insufficient. (*See* Doc. 96-7.) The model notice provided in the Ninth Circuit's *Rand* decision provides additional information that is absent in Defendants' warning here. *See Rand v. Rowland*, 154 F.3d at 961 n.8 & Appendix "A." Consequently, pursuant to *Woods v. Carey*, 684 F.3d 934, 938 (9th Cir. 2012), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

1.     Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(l).

2.     Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

3.     A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth the facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

4.     Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

5.     In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth

2

the facts which Plaintiff believes prove his claims;[2] (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what he claims they are;[3] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

6.     In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

7.     If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment. *Blough*, 574 F.3d at 1091 n.5; *Tatum*, 441 F.3d at 1100-01; *Margolis v.*

---

[2] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date). (Signature)." 28 U.S.C. § 1746.

[3] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

1  | *Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

2  |      8.      Unsigned declarations will be stricken, and declarations not signed under penalty

3  | of perjury have no evidentiary value.

4  |      9.      The failure of any party to comply with this order, the Federal Rules of Civil

5  | Procedure, or the Local Rules of the Eastern District of California may result in the imposition of

6  | sanctions including but not limited to dismissal of the action or entry of default.

7  | **II.      DEADLINE TO FILE OPPOSITION**

8  |      Considering Plaintiff's *pro se* status and Defendants' insufficient *Rand* notice

9  | accompanying the motion for summary judgment, the Court finds it appropriate to extend the

10 | deadline for Plaintiff to file his opposition to Defendants' motion for summary judgment.

11 | **III.     CONCLUSION AND ORDER**

12 |      Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

13 | 1.  Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an

14 |     opposition to Defendants' motion for summary judgment, in compliance with Federal

15 |     Rule of Civil Procedure 56 and Local Rule 260; and

16 | 2.  Any request for an extension of time of this deadline must be filed on or before it expires

17 |     and must be supported by good cause.

18 |
19 | IT IS SO ORDERED.

20 | Dated:  __**April 12, 2023**__                    __/s/ *Sheila K. Oberto*__
21 |                                                       UNITED STATES MAGISTRATE JUDGE

4