UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DELPHIN,<br><br>   Plaintiff,<br><br> v.<br><br>J. MORLEY, et al.,<br><br>   Defendants. | Case No.  1:19-cv-01076-SKO (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Doc. 122) |

**I.  INTRODUCTION[1]**

On May 21, 2024, this Court issued its order Granting Defendants' Motion for Summary Judgment based upon Plaintiff's failure to exhaust administrative remedies. (Doc. 120.) Judgment was entered for Defendants that same date. (Doc. 121.)

On June 3, 2024, Plaintiff filed a document titled "Response to Summary Judgment Granting." (Doc. 122.) Plaintiff seeks reconsideration of the Court's May 21, 2024, order. Defendants opposed (Doc. 124) and Plaintiff replied (Doc. 125).

On December 26, 2024, Plaintiff filed a notice of appeal. (Doc. 126.) The appeal was processed to the Ninth Circuit Court of Appeals the following day (Doc. 127) and assigned case

---

[1] On March 21, 2023, this action was reassigned to the undersigned for all purposes with the issuance of District Judge Jennifer L. Thurston's Order Reassigning Case. (*See* Doc. 102.)

number 24-7867 (Docket Entry 128). Because Plaintiff's notice of appeal was filed after his motion for reconsideration, this Court has jurisdiction to consider Plaintiff's pending motion. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered").

## II.    SUMMARY OF THE PARTIES' BRIEFING

### A.   *Plaintiff's Motion For Reconsideration (Doc. 122)*

Plaintiff contends "camera footage at C.H.C.F. B1B cell 124 or 123 or (B306B2) of October thru September" supports his assertion that there exist genuine issues of material fact precluding summary judgment for Defendants. Plaintiff asserts "it is not believable that [he] did not appeal on time because Plaintiff has appealed before." He contends the Court did not look "at camera footage" that would have demonstrated that "c.o.'s refused to give Plaintiff an appeal" and he "was late replying to appeal coordinator because he lost appeal, and property being held, Plaintiff did try to present evidence to substantiate the claims …." Plaintiff contends the grievance or appeal process was unavailable to him. He states he did not request "camera footage of August 2, 2017 thru August 9, 2017," but he requested footage for October 10, 2017, through October 13, 2017. He states he now seeks "camera footage of October thru September B1B cell 123 or 124 or (B306B1)."

### B.   *Defendants' Opposition (Doc. 124)*

Defendants contend Plaintiff's motion does not identify any new or different facts that could not have been raised in his opposition to their motion for summary judgment. Defendants state that Plaintiff relies on the same arguments regarding video evidence that he previously asserted. Defendants allege that because the Court has already considered Plaintiff's argument, Plaintiff cannot satisfy the applicable Local Rule requiring that he identify new facts or circumstances and explain why the facts could not have been raised earlier. Finally, Defendants contend Plaintiff's motion does not identify any other basis for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

### C. *Plaintiff's Reply (Doc. 125)*

Plaintiff "asks court to see video and audio footage," alleging it will establish "mistake in advertence, surprise or excusable neglect" and "newly discovery evidence" that could not have been discovered "in time to move for a new trial." Plaintiff asserts "new evidence will be found if court sees camera footage video and audio" for a period between August 2, 2017, and March 30, 2018. Plaintiff states "fraud, misrepresentation, or misconduct by the opposing party" is established because his grievances or appeals were "thrown away" by prison officials. He contends the "judgment is void" because video footage exists to support his assertion that "the appeal process was unavailable."

Although Plaintiff does not cite to a particular rule in his motion, the Court construes it as arising under Rule 60(b) of the Federal Rules of Civil Procedure.

### III.   APPLICABLE LEGAL STANDARDS

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Under the catchall provision of Rule 60(b)(6), the Court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*,

3

507 U.S. 380, 393 (1993).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

## IV. DISCUSSION

### *There Was No Mistake, Inadvertence, Surprise, or Excusable Neglect Warranting Reconsideration*

The Court conducted an extensive analysis of the evidence submitted by Defendants as well as Plaintiff's arguments before concluding Plaintiff failed to set forth sufficient evidence to demonstrate his failure to exhaust administrative remedies should be excused. (Doc. 120 at 18-24.) Plaintiff fails to explain what mistake, inadvertence, surprise, or excusable neglect warrants reconsideration pursuant to Fed. R. Civ. P. 60(b)(1), and simply disagrees with the Court's order granting summary judgment to Defendants. *Collins v. D.R. Horton, Inc.*, 252 F.Supp.2d 936, 938 (D. Az. 2003) (a motion for reconsideration cannot be used to ask the Court to rethink what the

1  Court has already thought through merely because a party disagrees with the Court's decision);
2  *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988) (mere disagreement with
3  a previous order is an insufficient basis for reconsideration); *see also Wideman v. Ige*, No. CV 20-
4  00162 LEK-KJM, 2020 WL 2820138, at *1 (D. Haw. May 29, 2020) ("Mere disagreement with a
5  court's analysis is an insufficient basis for relief pursuant to Fed. R. Civ. P. 60(b)"), appeal
6  dismissed, No. 20-16676, 2020 WL 8677817 (9th Cir. Dec. 3, 2020); *In re Benham*, No. CV13-
7  00205-VBF, 2013 WL 3872185, at *9 (C.D. Cal. May 29, 2013) ("[A] motion for reconsideration
8  cannot be used to ask the Court to rethink what the Court has already thought through merely
9  because a party disagrees with the Court's decision").

10  To the extent Plaintiff asks the Court "to see video footage," because its failure or refusal
11  to do so amounts to mistake, inadvertence, surprise, or excusable neglect, Plaintiff's argument is
12  unpersuasive. A party opposing summary judgment may not rely upon the allegations or denials
13  of their pleadings, but is required to tender evidence of specific facts in the form of affidavits,
14  and/or admissible discovery material, in support of its contention that the dispute exists or shows
15  that the materials cited by the movant do not establish the absence of a genuine dispute. *See* Fed.
16  R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n.11
17  (1986). Here, neither video nor audio footage evidence is a part of this record (*see* further
18  discussion below); thus, such footage did not support Plaintiff's position that there was a genuine
19  dispute concerning the purported unavailability of administrative remedies. While "electronically
20  stored information" encompasses video and audio evidence, again, such evidence was not
21  proffered here.[2]

22  Plaintiff's motion will be denied based on mistake, inadvertence, surprise, or excusable
23  neglect. Fed. R. Civ. P. 60(b)(1).
24  //
25  //

---

[2] *Compare Cotton v. Medina*, No. 1:22-cv-00568-JLT-EPG, 2024 WL 1313045, at *5 (E.D. Cal. Mar. 26, 2024) (where court treated video of plaintiff's "Grievance Interview" as "an exhibit filed in support of plaintiff's opposition to defendant's summary judgment motion where the video was submitted to the court, and the parties did not object to its use as an exhibit or raise concerns about its authenticity).

*There Are No New Facts or Evidence to Consider*

Plaintiff's assertions that video or audio footage would support his claims that prison officials interfered with his ability to exhaust his administrative remedies do not amount to new facts or evidence. The Court acknowledged Plaintiff's assertion in its May 2024 order, stating:

> Plaintiff twice states that the Court can view certain "camera footage" or listen to "audio" from the facility that will prove the unavailability of the administrative remedy. (*See* Doc. 108 at 2, 3.) It is not the Court's duty to obtain evidence for any party. If Plaintiff believes video or audio recordings would support his claims or argument here, his obligation was to obtain that evidence and submit it to the Court for consideration. The Court notes it issued its Discovery and Scheduling Order ("D&SO") on July 14, 2022. (Doc. 81.) The D&SO was modified three times (*see* Docs. 85, 87, 91) and the deadline for the completion of all discovery was May 15, 2023 (*see* Doc. 91 at 3).

(Doc. 120 at 14, n.4.) Plaintiff's contention that any audio or video footage amounts to "new facts or evidence" is misplaced. The motion will be denied on based on newly discovered evidence. Fed. R. Civ. P. 60(b)(2).

*There Is No Fraud, Misrepresentation, Or Misconduct by An Opposing Party*

"In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017) (citations and quotation marks omitted); *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011) ("[m]ere nondisclosure of evidence ... [or] perjury by a party or witness, by itself, is not normally fraud on the court") (internal quotation marks and citation omitted); *see also Martin v. Muniz*, No. 17-cv-01690-BLF-PR, 2021 WL 2139443, at *2. (N.D. Cal. May 25, 2021). There must be an intentional, material misrepresentation that goes to the case's central issue and affects the case's outcome. *See Sierra Pac. Indus.*, 862 F.3d at 1168; *Martin*, 2021 WL 2139443, at *2.

Here, Plaintiff does not allege Defendants obtained the judgment by way of fraud, misrepresentation, or misconduct. And nothing in this record supports such an allegation. Plaintiff had a full and fair opportunity to present his case during summary judgment proceedings. Plaintiff's motion will be denied based on fraud, misrepresentation, or misconduct. Fed. R. Civ.

P. 60(b)(3).

### *The Judgment Is Not Void*

In his reply brief, Plaintiff alleges the judgment is void because video or audio footage shows that his administrative remedies were unavailable.

The Supreme Court has defined a "void" judgment for purposes of Rule 60(b)(4) as follows:

> A void judgment is a legal nullity. *See* Black's Law Dictionary 1822 (3d ed. 1933); *see also id.*, at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. *See* Restatement (Second) of Judgments 22 (1980); *see generally id.*, § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.

*United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Here, the Court finds there is nothing in this record establishing that the judgment rendered for Defendants was so affected by a fundamental infirmity that it warrants voiding the judgment. Plaintiff's motion will be denied. Fed. R. Civ. P. 60(b)(4).

### *There Are No New or Different Facts or Circumstances*

Finally, Plaintiff has not shown any "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). The arguments Plaintiff presents in his motion are the same as those already presented by Plaintiff which were previously considered and rejected by the Court. Therefore, Plaintiff has failed to show that reconsideration of or relief from the May 21, 2024, order is appropriate.

### *Summary*

Plaintiff's motion reasserts arguments previously considered by the Court. The undersigned previously considered Plaintiff's suggestion that the Court should view video footage that purportedly supports his claims, but was not a part of this record, and addressed whether Plaintiff's administrative remedies were unavailable to him in its May 21, 2024, order. Plaintiff has not set forth facts or law to merit a reversal of the Court's prior decision. *See Kern-Tulare*

*Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). This Court declines to grant the extraordinary remedy Plaintiff seeks. *Harvest*, 531 F.3d at 749; *Kona Entres., Inc.*, 229 F.3d at 890.

## V. CONCLUSION AND ORDER

Based upon the foregoing, the Court **HEREBY ORDERS**:

1. Plaintiff's motion for reconsideration (Doc. 122) is **DENIED**;
2. The Clerk of the Court is **DIRECTED** to provide a copy of this order to the Ninth Circuit Court of Appeals, case number 24-7867;
3. The Court will not issue any further orders in this closed case; and
4. This case remains closed.

IT IS SO ORDERED.

Dated:   **May 23, 2025**            /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE